**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

| | | |
|---|---|---|
| MICHAEL PHILLIPS<br><br>*Plaintiff*,<br><br>v.<br><br>DEUTSCHE BANK NATIONAL TRUST COMPANY, AS INDENTURE TRUSTEE FOR THE FBR SECURITIZATION TRUST 2005-5, MORTGAGE-BACKED NOTES, SERIES 2005-5;<br><br>SELECT PORTFOLIO SERVICING, INC.;<br><br>and<br><br>RAS TRUSTEE SERVICES, LLC<br><br>*Defendants*. | ) | Case No. ___________________ |

**NOTICE OF REMOVAL**

Defendants Deutsche Bank National Trust Company as Indenture Trustee for the FBR Securitization Trust 2005-5, Mortgage-Backed Notes, Series 2005-5 ("Deutsche Bank National Trust Company") and Select Portfolio Servicing, Inc. ("SPS") (collectively, "Removing Defendants"), hereby remove the case styled *Michael Phillips v. Deutsche Bank National Trust Company, et al.*, Case No. CL26002402-00, from the Circuit Court for the City of Suffolk, Virginia, to the United States District Court for the Eastern District of Virginia, Norfolk Division. Removal is proper because this Court possesses both federal question jurisdiction, pursuant to 28 U.S.C. § 1331, and diversity jurisdiction, pursuant to 28 U.S.C. § 1332. In support thereof, Removing Defendants state as follows:

## Background

1. On August 10, 2026, Plaintiff Michael Phillips ("Plaintiff") filed a Complaint and Petition for Preliminary Injunction ("Complaint") against Removing Defendants and RAS Trustee Services, LLC (hereinafter, the "Substitute Trustee"), in the Circuit Court for the City of Suffolk, Virginia, under Case No. CL26002402-00.

2. Copies of the Complaint and its exhibits filed in this action are attached hereto as **Exhibit I**, as required under 28 U.S.C. § 1446(a).

3. On August 14, 2026, the Circuit Court for the City of Suffolk granted Plaintiff a temporary preliminary injunction prohibiting the sale of the property at issue in the Complaint, following a hearing at which no defendant appeared and none had been served with process. A copy of that order and the State Court docket sheet are attached hereto as **Exhibit II**.

4. Removal of this action is timely under 28 U.S.C. § 1446(b) because none of the defendants have been served with process to date. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999).

5. Removing Defendants each join in and consent to removal through this joint Notice of Removal. The Substitute Trustee's consent to removal is not required as it has not been properly joined and served. *See* 28 U.S.C. § 1446(b)(2)(A).

6. This action is properly removed to this Court and venue under 28 U.S.C. § 1441 is proper because this district/division encompasses the city in which the State Court Action is pending.

7. Promptly after the filing of this Notice of Removal, pursuant to 28 U.S.C. § 1446(d), Removing Defendants will file a Notice of Removal with the Circuit Court for the City of Suffolk, Virginia, and serve it on all counsel of record in the state court proceeding.

## Jurisdictional Grounds for Removal

**This Court Has Federal Question Jurisdiction Under 28 U.S.C. § 1331**

8. The Court has jurisdiction pursuant to 28 U.S.C. § 1331 because the Complaint seeks relief under the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605, through its implementing regulation, 12 C.F.R. § 1024.41. *See* Compl. ¶¶ 100-108 Federal jurisdiction over an action under § 2605 is also recognized by 12 U.S.C. § 2614. Thus, the federal claim appears on the face of the Complaint and removal of this action is proper under 28 U.S.C. § 1441(a).

9. Under 28 U.S.C. § 1367(a), this Court has supplemental jurisdiction over the remaining state-law claims because they arise from the same common nucleus of operative fact and form part of the same case or controversy as the federal claim. Specifically, the state-law claims and the RESPA claim concern the same defaulted loan, Plaintiff's alleged efforts to cure the default, the alleged servicing failures, and the resulting foreclosure efforts. *See* Compl. ¶¶ 8-50, 61-115.

**This Court also Possesses Diversity Jurisdiction Under 28 U.S.C. § 1332(a)**

10. Removal of this action is also appropriate under 28 U.S.C. §§ 1332(a) and 1441(b) because (a) there is complete diversity between the real parties in interest; (b) the Substitute Trustee is merely a nominal party to these proceedings, which makes its citizenship irrelevant for determining diversity; and (c) the amount in controversy exceeds $75,000, exclusive of interest and costs.

11. Upon information and belief, Plaintiff is a citizen of the Commonwealth of Virginia. *See* Compl. ¶¶ 3-4

12. SPS is a Utah corporation with a principal place of business in Salt Lake City, Utah.

13. Deutsche Bank National Trust Company is a national banking association whose main office is located in California, and is therefore a citizen of California pursuant to 28 U.S.C.

§ 1348. *See Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 307 (2006). Deutsche Bank National Trust Company is sued as indenture trustee and is alleged to hold the note and be the beneficiary of the deed of trust. Compl. ¶ 5. Its own citizenship therefore controls for diversity purposes. *See Americold Realty Tr. v. ConAgra Foods, Inc.*, 577 U.S. 378, 382-83 (2016).

14. The Substitute Trustee is a nominal defendant whose citizenship does not defeat diversity. Federal courts "must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy." *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458 at 461 (1980). Nominal status depends on whether a party has a real stake in the litigation and whether resolution would foreseeably affect that stake. *Hartford Fire Ins. Co. v. Harleysville Mut. Ins. Co.*, 736 F.3d 255, 260-61 (4th Cir. 2013).

15. The Complaint's express designation of the Substitute Trustee as "nominal" is consistent with its substantive allegations. *See* Compl. ¶ 7 (identifying Defendant RAS Trustee Services, LLC, solely as "the substitute trustee appointed by SPS to execute the foreclosure"). Courts in this District in similar circumstances have found that a substitute trustee is not a real party in interest. *See, e.g.*, *Wingate v. Ocwen Loan Servicing*, LLC, No. 2:18CV167, 2018 WL 3341186, at *4 (E.D. Va. July 6, 2018). Accordingly, the Substitute Trustee is a nominal party, and its citizenship may be disregarded for purposes of diversity jurisdiction.

16. Finally, the amount in controversy is clearly above the $75,000 jurisdictional threshold. *See* Compl. ¶ 115 (demanding more than $361, 900 in damages). Removing Defendants dispute Plaintiff's entitlement to any of the damages and/or relief requested in the Complaint.

17. In filing and serving this Notice of Removal, Removing Defendants reserve all rights and defenses, whether at law or in equity, including but not limited to any and all defenses and objections and the right to move for dismissal of the Complaint for, including but not limited

to, failure to state a viable claim for relief. The filing of this Notice of Removal is subject to, and without waiver of, any and all such defenses and objections.

Dated: September 15, 2026

Respectfully submitted,

**DEUTSCHE BANK NATIONAL TRUST COMPANY**
**SELECT PORTFOLIO SERVICING, INC.**

By: *Constantine E. Politis*

Edward J. Longosz, II (VSB 39411)
Constantine E. Politis (VSB 97168)
ECKERT SEAMANS CHERIN & MELLOTT, LLC
1717 Pennsylvania Avenue, N.W., Suite 1200
Washington, D.C. 20006
Tel: (202) 659-6619/6606
Fax: (202) 659-6699
E-mail: elongosz@eckertseamans.com
cpolitis@eckertseamans.com
*Counsel for Removing Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 15, 2026, I will cause the foregoing to be filed with the Court via CM/ECF electronic filing system, and that a true and correct copy was served by email and first-class mail, postage prepaid upon:

Lenard Myers II, VSB No. 79858
Lin Wang, VSB No. 98447
FORTRESS PROPRIETAS, P.C.
1876 Wells Fargo Center
440 Monticello Avenue
Norfolk, VA 23510
Tel: (757) 828-6685
Fax: (757) 828-0671
E-mail: Lmyers@fortprolaw.com
Lwang@fortprolaw.com
*Counsel for Plaintiff*

*/s/ Constantine E. Politis*
Constantine E. Politis